## DIAMOND HILL INDEPENDENT SCHOOL DIST. v. BELL, Tax Collector. (No. 10551.)

(Court of Civil Appeals of Texas. Fort Worth. March 3, 1923. Rehearing Denied March 17, 1923. Writ of Error Refused April 25, 1923.)

Mandamus ⟾151(2)—Mandatory writ against tax collector to turn over taxes properly dissolved for want of necessary parties.

Where more than half of the area of an independent school district, all of its buildings, and more than half of its scholastics and more than half in value of its taxable properties were included in territory declared annexed to a city by a city election to annex adjoining territory, and the school district brought suit against the tax collector of the county for a mandatory writ requiring him to turn over to its trustees, constituting the district's governing body, the taxes collected to which the trustees would have been entitled but for such annexation, held, in such suit, that mandatory writ at first granted was properly dissolved on ground of want of necessary parties, namely, the independent school district of the annexing city and the city itself, since, if the annexation were valid, the trustees of the independent district of the annexing city would be entitled to the taxes collected by defendant for that part of the plaintiff school district which was declared to be annexed.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Suit for mandamus by the Diamond Hill Independent School District against Dean Bell, Tax Collector. Judgment dissolving mandatory writ theretofore issued, and plaintiff appeals. Affirmed.

Houtchens & Clark, of Fort Worth, for appellant.

R. M. Rowland, of Fort Worth, for appellee.

DUNKLIN, J. On July 22, 1922, the qualified voters of the city of Fort Worth voted upon a proposition to amend the special charter of the city so as to annex certain adjoining territory, and at that election a majority

of the votes were cast in favor of the annexation. On July 24, 1922, the board of commissioners of the city canvassed the election returns and declared the result of the election to have been in favor of the annexation, and that such additional territory had by vote at said election become a part of the city of Fort Worth. More than one-half of the area of the Diamond Hill independent school district, all of its school buildings, and more than one-half of its scholastics and more than one-half in value of its taxable properties were included in the territory so declared to have been annexed to the city.

The Diamond Hill independent school district, joined by other independent school districts which were likewise declared to have been annexed to the city, instituted a suit in the district court of the Forty-Eighth judicial district seeking to nullify the act of the city in thus annexing those districts to the city. From a judgment rendered in that suit denying the relief prayed for, an appeal was taken, which is now pending in the Court of Civil Appeals at Texarkana.

The present suit was instituted by the Diamond Hill independent school district against Dean Bell, tax collector for Tarrant county, for a mandatory writ requiring him to turn over to its seven trustees, who constituted the governing body of said school district, and charged with the management and control of the schools conducted therein, all the taxes which had been collected and to which the said trustees would have been entitled but for such annexation. The writ prayed for was first granted by the judge of the Sixty-Seventh district court, but later, on answer and motion filed by the defendant Dean Bell that writ was dissolved, and from that order the Diamond Hill independent school district has prosecuted this appeal.

One of the defenses urged by the defendant in his pleadings filed in the trial court was that there was a want of necessary parties defendants, to wit, the board of trustees of the independent school district of Fort Worth and the city of Fort Worth, both of whom were vitally interested in the controversy. We are of the opinion that that defense was well taken. It is clear that if the annexation was valid the trustees of the independent school district of Fort Worth would be entitled to the taxes collected by the defendant for that part of the Diamond Hill School District which was declared to be annexed, and unless that board was made a party to this suit it would not be bound by any judgment which might be rendered in favor of the plaintiff requiring the defendant to turn over to its trustees those funds. For that reason the judgment of the trial court dissolving the mandatory writ formerly issued will be affirmed. But this decision will be without prejudice to plaintiff's right to litigate the questions involved in this suit after it has made the city board and the city of Fort Worth parties defendant.

Affirmed.