CITY OF GOOSE CREEK ET AL. v. J. D. HUNNICUTT.

No. 5333. Decided March 27, 1929.
(15 S. W., 2d Series, 227.)

*Ethan W. Bruce* and *Eugene Bruce* for appellants.

Article 3069 of the Revised Statutes, 1925, does not give authority to a private citizen, with no special interest out and above that of all other citizens, to contest an election held in a city of over Five Thousand population to determine whether or not that City should have a Home Rule Charter under Article 11, Section 5, of the Texas Constitution, and Articles 1165 to 1182 inclusive, of the 1925 Revised Statutes, unless he is joined by the State. Staples v. State, 245 S. W., 639; State v. Starnes, 246 S. W., 424; Blackmore v. Board of Trustees of Galveston, 262 S. W., 834; Yett v. Cook, 281 S. W., 837; Ex Parte Keeling, 121 S. W., 605; White v. Quanah, 27 S. W., 840; Brennan v. Bradshaw, 53 Texas, 330; State ex rel. Musser v. Birch, 85 S. W., 361; McQuillin on Municipal Corporations, Vol. 1, Sec. 182; Bassel v. Shanklin, 183 S. W., 105; Troutman v. McCleskey, 27 S. W., 173; State v. Pease, 147 S. W., 649; Turner v. Allen, 254 S. W., 630; Sec. 21, Art. 5, Texas Constitution; Sec. 8, Art. 5, Texas Constitution; Sec. 22, Art. 4, Texas Constitution; Sec. 1, Art. 1, Texas Constitution; Sec. 2, Art. 1, Texas Constitution; Sec. 5, Art. 11, Texas Constitution; Preamble to the Constitution of the United States; Sec. 10, Art. 1, of the Federal Constitution; Brown v. City of Galveston, 75 S. W., 488; Trent v. Randolph, 130 S. W., 737; Janet v. Owens, 63 Texas, 261; Watt v. State, 61 Texas, 184; Wright v. Allen, 2 Texas, 158; Cleveland v. Ward, 285 S. W., 1063; Garitty v. Halbert, 235 S. W., 231; Trevino v. San Antonio, 269 S. W., 1067; Allen v. Fisher, 9 S. W. (2d), 731; Maud v. Terrell, 200 S. W., 575; Tomlinson v. Williams, 243 S. W., 287.

*Mark M. Carter,* for appellee.

In support of the court's conclusion of law, we cite Article 3069 of the Revised Statutes of 1925; Yett v. Cook, 115 Texas, 205.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

Certified questions are submitted by the Court of Civil Appeals for the First Supreme Judicial District under the following certificate:

"On the 8th day of May, 1928, an election was held in the City of Goose Creek, Texas, incorporated under the provisions of Articles 1154 to 1164, Revised Civil Statutes of 1925, for the purpose of determining whether or not a proposed charter for said city, prepared in manner and form as provided by law, should be adopted

under the provisions of Chapter 13 of Title 28, Revised Civil Statutes of 1925, same being Articles 1165, *et seq.,* and known as the 'Home Rule' provisions, and also for the further purpose of electing two commissioners to serve under the amended charter, if adopted, with the mayor and the two commissioners serving under the then existing charter.

"The returns of said election were canvassed on the 13th day of May, 1928, and declared to be in favor of the adoption of the proposed charter, and in the election of Henry Cathriner and Homer Horton as commissioners.

"The proposed charter was filed with the Secretary of State and in the office of the City Secretary of Goose Creek, as required by Articles 1173 and 1174, respectively, of Revised Civil Statutes of 1925, on the 18th day of May, 1928, and thereafter, on the 20th day of May, 1928, Henry Cathriner and Homer Horton took the oath of office as required by law, and they, together with H. W. Kilpatrick, Mayor, and H. C. Ferguson and J. B. Holloway, commissioners under the old charter, immediately began to function under the new charter.

"On June 22, 1928, less than thirty days after the election was held, J. D. Hunnicutt, insisting that the adoption of the charter was defeated because of certain facts pointed out by him in a suit filed by him, hereinbelow mentioned, gave proper written notice of his intention of contesting the aforesaid election as prescribed by Articles 3069 and 3070, Revised Civil Statutes of 1925, it being provided by Article 3069 that:

" 'If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town or village, any resident of such county, precinct, city, town or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county officer,' and by Article 3070 providing upon whom service might be had as contestees.

"The rules prescribed for contesting the validity of an election for a county officer, referred to in said Article 3069, are found in Article 3042, which provides:

" 'Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall,

within thirty days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the term "return day" is meant the day on which the votes cast in said election are counted and the official result thereof declared.'

"After giving of the notice, as above stated, J. D. Hunnicutt, a resident of the City of Goose Creek, who had only such interest in the result of the election as was held by the residents generally of said City and the public at large, instituted this suit in the district court of Harris County against H. W. Kilpatrick, mayor, and the two commissioners under the old charter, as contestees, as provided by Article 3070 of our Statutes of 1925, to contest the election.

- "By their answer contestees challenged the authority of contestant to maintain the suit.

"The court overruled contestees' challenge, and, upon trial on the merits, judgment was rendered adjudging the defeat of the charter. Contestees have appealed and the appeal is now pending in this court.

"We were inclined to hold that Articles 3069 and 3070, Revised Statutes of 1925, authorized contestant to maintain the suit in the manner it was brought, there being no county attorney in and for Harris County; but in view of the seeming conflict in the cases of Staples v. State, 245 S. W., 639, and Dickson v. Strickland, 114 Texas, 177, both decided by the Supreme Court, it being said in the first case:

" 'It is necessary for the State to be a party where the action is for the benefit of the public at large, though growing out of a party primary election. *The statute cannot confer a right upon private individuals to act for all where it is shown they have no interest different from all others.*' (Emphasis ours.)

"And in the latter case, that:

" 'It is not claimed that appellant Dickson has any interest in the subject-matter of this suit other than to subserve the public interest. His lack of special interest is fatal to his capacity to maintain his suit *in the absence of a valid statute authorizing him to sue.*' (Emphasis ours.)

"In the first it being held that the Legislature by statute could not confer a right upon a private individual to act for all where it is shown he has no interest different from all others, while in the latter, and in the case of Yett v. Cook, 281 S. W., 837, it seems

to be held that the legislature might pass a valid statute authorizing one of the class first mentioned to act for all, notwithstanding he has no interest different from all others, we deem it advisable to certify to your Honors the following questions:

"First: Can contestant maintain the suit brought by him?

"Second: Were Cathriner and Horton, who were declared elected as commissioners under the proposed charter, necessary parties to the suit?"

According to the above certificate, the appellee, Hunnicutt, has no interest, distinct from the general public, in the result of the election which he undertakes to contest. The provisions of Article 3069 of the Statutes, because of constitutional restrictions, cannot have effect to authorize a suit by a private citizen in respect of matters which concern the public exclusively. State Constitution, Art. 5, Sec. 21, Art. 4, Sec. 22; Staples v. State, 112 Texas, 61; Maud v. Terrell, 109 Texas, 97; Allen v. Fisher, 9 S. W. (2d), 731.

The certificate does not call for a decision as to the right or authority, in the premises, of a resident property holder whose property, as a result of said election, becomes subject to an increased taxing power in the governing body of the city. As to that question, we neither express nor imply an opinion.

We recommend that the first certified question be answered "No." This answer to the first question renders the second certified question immaterial.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.