## City of Goose Creek et al. v. J. D. Hunnicutt.

No. 5456.   Decided June 10, 1931.
(39 S. W., 2d Series, 617.)

*Eugene Bruce* and *Ethan Bruce,* for appellants.

In any election contest suit the contestant must have a personal interest, which is sufficient to allow him a civil action to maintain it before the court can take jurisdiction.

Article 3069 of the Revised Statutes, 1925, does not give authority to a private citizen, with no special interest out and above that of all other citizens, to contest an election held in a city of over 5,000 population to

determine whether or not that city should have the Home Rule Charter under article 11, section 5, of the Texas Constitution, and articles 1165 to 1182 inclusive of the 1925 Revised Statutes, unless he is joined by the state.

The charter of a municipal corporation can be attacked only by the state in the action of quo warranto. Staples v. State, 245 S. W., 639; State v. Starnes, 246 S. W., 424; Blackmore v. Board of Trustees of Galveston, 262 S. W., 834; Allen v. Fisher, 9 S. W. (2d), 731; Revised Statutes, arts. 3069, 2929, 3042; Yett v. Cook, 281 S. W., 837.

*Mark M. Carter,* for appellee.

MR. PRESIDING COMMISSIONER HARVEY delivered the opinion of the court.

On May 8, 1928, and for some years prior thereto, the city of Goose Creek, in Harris county, was a duly incorporated city under the general statutes. On the date named, the city then containing a population of more than 5,000, an election was held for the purpose of determining whether or not a proposed new charter, bringing the city within the class known as home rule cities, should be adopted. The majority of the votes cast in the election was in favor of the adoption of the new charter, according to the official declaration of the result of the election. The new charter was filed with the secretary of state, and the city began to function thereunder. J. D. Hunnicutt, a resident property taxpayer and qualified voter of the city, after giving the prescribed notice of intention to do so, seasonably instituted this suit to contest said election, alleging facts to show that the majority of the legal votes cast in the election was against the adoption of the new charter. The mayor of the city, and the commissioners under the old charter, were made the contestees in the suit. The contestees, by their answer, duly challenged the authority of Hunnicutt to maintain this suit. The trial court overruled this contention, and, after a hearing on the merits, rendered judgment adjudging the defeat of the charter. The contestees appealed and the Court of Civil Appeals for the First Supreme Judicial District, in which the case is pending, has submitted two certified questions. By the first of these questions, the court inquires, in effect, if Hunnicutt, because of his being a resident voter of the city, and a property taxpayer therein, can maintain the suit brought by him. We shall address ourselves to this first question.

The mere fact of incorporating a municipality, whether such incorporation be effected under the home rule amendment or not, embraces nothing more than the creation of a governmental agency, which becomes invested with such powrs as the law confers. It is true that legislative power to incorporate a home rule city is, by constitutional provision, delegated to the inhabitants of the territory affected; nevertheless a city so incorporated is a political subdivision of the state for governmental purposes. In the

immediate result of the election for incorporation, the individual citizen, even though he be a property taxpayer, has no justiciable interest. He has no interest except in common with the general public. The incorporation, and the means through which it is undertaken to be accomplished, are matters of general public concern. The election for incorporation, therefore, cannot be contested, except by the state through its proper officers. The Legislature has no power, under our Constitution, to authorize a private citizen to represent the state in such suit. Staples v. State, 112 Texas, 61; Maud v. Terrell, 109 Texas, 97, 200 S. W., 375; Allen v. Fisher, 118 Texas, 38, 9 S. W. (2d) 731.

The present case is distinguishable on the facts from the case of Hooker v. Foster, 117 Texas, 237, 1 S. W. (2d) 276, upon which, together with article 3069 of the statutes, the appellee, Hunnicutt, relies for authority to maintain this suit. In that case the election under contest was held in a school district in which the contestants were resident property taxpayers, and the immediate purpose of the election was the authorization of a tax. In the instant case, the immediate purpose of the election was the erection of a new municipal corporation in place of the old one. The matter of taxation was but remotely involved.

We recommend that the first question certified be answered in the negative. In view of this answer, the second question becomes immaterial. It is therefore unnecessary to state the second question or the facts set out in the certificate relating to that question.

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. Cureton, Chief Justice.