## STAHL et al. v. MILLER et al.
### No. 4059.

Court of Civil Appeals of Texas. Amarillo.
Sept. 13, 1933.

Rehearing Denied Oct. 18, 1933.

Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellants.

Jos. H. Aynesworth and G. C. Harney, both of Borger, and Underwood, Johnson, Dooley & Huff, of Amarillo, for appellees.

JACKSON, Justice.

On June 24, 1930, the city of Borger, in Hutchinson county, under the power granted in section 5, art. 11, of our Constitution, and the statutes enacted in compliance therewith, adopted its present charter.

On December 4, 1931, I. J. Killion made application to the city for a gas franchise and an electric franchise, and thereafter on January 5, 1932, the mayor and commissioners passed ordinances authorizing the applicant to use the streets and public grounds of the city on which to construct and maintain a system of pipe lines and other instrumentalities for the purposes of distributing gas and electricity to the inhabitants of Borger. An ordinance was passed granting to L. C. Smith also a gas franchise with similar privileges.

It is agreed that the franchises were duly presented, legally published, and thereafter, on January 5, 1932, finally approved by the commission. The record shows that on January 16th thereafter C. R. Stahl, a citizen and qualified voter of Borger, presented to the commission petitions with 711 names affixed thereto, reciting that the signers were qualified voters within the corporate limits

of Borger, and requesting the commission to call an election in accordance with the charter and submit to the qualified voters the questions of adopting or rejecting said three franchise ordinances. On January 19th thereafter, 155 of the citizens who had signed the original petition presented to the commission what is designated as their written counter petition, requesting that they be allowed to withdraw their names from the original petition. On January 20th thereafter a full hearing was had, and those citizens who so requested were permitted to withdraw their names from the original petition, and, after deducting such names, the commissioners determined that there were fewer than five hundred qualified voters of the city on the original petition, and that the commission was without authority to order the election.

On February 18th thereafter, C. R. Stahl instituted this action in the district court of Hutchinson county against the members of the city commission to secure a writ of mandamus to compel them to order an election and submit to the qualified voters within the city the questions of granting or rejecting such franchises. I. J. Killion and L. C. Smith were made parties to the proceeding.

The Panhandle Power & Light Company on December 5, 1932, intervened in the mandamus proceeding, alleging it was a public utility corporation, organized under the laws of this state, and held franchises from the city of Borger authorizing it to use the streets and alleys for the sale and distribution of both gas and electricity to the inhabitants of Borger.

All the defendants answered, and I. J. Killion filed a cross-action, in which he admitted that he had accepted the gas franchise granted to him and sought to have it held valid. On December 23, 1932, on a final hearing, the relief sought by the plaintiff and intervener was denied by a decree of the court, and on the cross-action of defendant I. J. Killion his gas franchise was adjudged to be valid, from which action of the court the plaintiff and intervener have appealed.

In addition to the foregoing, the findings by the court material to a disposition of this appeal are, in substance, that of the 711 signers of the original petition, only 522 were qualified voters; that of the 155 signers of the counter petition 97 were qualified voters who requested that their names be withdrawn from the original petition; that, after deducting said 97 names, there were but 425 qualified voters of the city of Borger who signed the original petition. Section 98 of the charter of the city of Borger is, in part, as follows:

"Said City shall have the power and authority to grant franchises for the use and occupancy of streets, avenues, alleys and all public grounds belonging to or under the control of the City. No * * * electric light or power * * * gas company * * * or any other * * * public utility shall be granted any franchise or permitted the use of any street, avenue, alley, highway or grounds of the City without first making application to and obtaining the consent of the governing authority thereto expressed by ordinance and upon paying such compensation as may be prescribed and upon such conditions as may be provided for by such ordinance and before such ordinance * * * shall become effective, publication of said ordinance as finally proposed to be passed shall be made in a newspaper published in the City of Borger once a week for three consecutive weeks, which publication shall be made at the expense of the applicant. Nor shall any such ordinance take effect or become a law or contract * * * until after the expiration of thirty days from the last publication of said ordinance as aforesaid.

"Pending the time such ordinance may become effective it is hereby made the duty of the governing authority of the city to order an election if requested so to do by written petition, signed by at least ten per cent of the legally qualified voters, as determined by the number of votes cast in the last regular municipal election, at which election the qualified voters of said city shall vote for or against the proposed grant, as set forth in detail by the ordinance conferring the right and privileges upon the applicant therefor. Such election shall be ordered not less than thirty days nor more than ninety days from the date of filing said petition, and if at said election the majority of the votes cast shall be for the granting of such franchise or privilege, said ordinance and the making of said proposed grant shall thereupon become effective, but if a majority of the votes cast at said election shall be against granting of such franchise or privilege, such ordinance shall be ineffective and the making of such proposed grant be null and void."

The court concluded under the facts that as a matter of law the 97 qualified voters were entitled to withdraw their names from the original petition, and that the city commission were not authorized to order the election because the petition therefor was not signed by 500 qualified voters as provided in article 1181, R. C. S.

■ The appellants insist that the court erroneously held that the 97 qualified voters who signed the original petition were entitled on their written request to withdraw their names therefrom, because before such request was made the original petition had been filed and jurisdiction had already been acquired by the city commission.

It appears without controversy that the counter petition by which the 97 voters sought to withdraw their names from the

original petition was filed before any final action was taken by the city commission. Neither the appellants nor appellees have cited any authority from this state deciding the question presented, and we have found none. In other jurisdictions the great weight of authority is against appellants' contention and, in our opinion, is based upon sound reason. Territory ex rel. Stockard v. Mayor & City Council of Roswell, 16 N. M. 340, 117 P. 846, 35 L. R. A. (N. S.) 1113 and authorities cited; State ex rel. Mohr v. City of Seattle et al., 59 Wash. 68, 109 P. 309, and authorities cited; La Londe et al. v. Board of Supervisors of Barron County et al., 80 Wis. 580, 49 N. W. 960, 961, and authorities cited.

The appellants contend that section 98 of the city charter quoted above in part is valid and required the city commission of Borger to call an election upon any proposed franchise ordinance when a written petition was presented within thirty days after the last publication of said proposed ordinance signed by 10 per cent. of the qualified voters of the city, as determined by the votes cast in the last regular municipal election.

Section 5, art. 11, of the Constitution, among other things, provides: "Cities having more than five thousand (5,000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State. * * *"

In compliance with this provision of the Constitution, the Thirty-Third Legislature (chapter 147, p. 307) enacted the Home Rule Bill, and in section 9 thereof provided in part: "The governing authority of any such city shall have the exclusive power and authority to make any such grant of any such franchise or right to use and occupy the public streets, avenues, alleys and grounds of the city; provided, that if at any time before any ordinance granting a franchise takes effect, a petition shall be submitted to the governing authority signed by five hundred of the bona fide qualified voters of the city, then the governing authority shall submit the question of granting such franchise to a vote of the qualified voters of the city," etc.

This provision, in substance, is found in article 1181, R. C. S. 1925.

In City of Beaumont v. Fall et al., 116 Tex. 314, 291 S. W. 202, 205, in answer to a certified question, the Supreme Court says: "As long as the state does not, in its Constitution or by general statute, cover any field of the activity of the cities of this state, any given city is at liberty to act for itself. But, when the state itself steps in and makes a general law and applies such law to all cities of a certain class, then we submit that no city of the same class is authorized, under our Constitution, to enact contrary legislation. If this principle has not already been adopted as the settled law of this state, then it should be so understood from this time forward."

Judge Pierson, speaking for the Supreme Court in McCutcheon et al. v. Wozencraft, Mayor et al., 116 Tex. 440, 294 S. W. 1105, holds that: "It is a well-recognized principle of law that charters and ordinances of cities must conform to the Constitution and general laws of the state, and is expressed in the enabling act putting into effect the Home Rule Amendment to the Constitution." See, also, Hunt et al. v. Atkinson, County Judge, et al. (Tex. Com. App.) 12 S.W.(2d) 142; Huff et al. v. City of Wichita Falls (Tex. Sup.) 48 S.W.(2d) 580.

The testimony is that there were 903 votes cast at the general election in the city next preceding the passage of the franchise ordinances, and under section 98 of the charter only 91 qualified petitioners were necessary, and, when presented with a petition signed by 425 qualified voters of the city requesting that an election be called, the city commission was required to order such election unless said charter provision is in conflict with the statute which requires such petition to be signed by 500 qualified voters. If a conflict exists, the statute controls.

In our opinion there is no escape from the conclusion that, in requiring fewer than 500 qualified petitioners, the charter provision conflicts with the statute which is general as it applies to all cities of a certain class.

The appellants challenge as error the action of the trial court in refusing the mandamus sought, because the city commission had authority to grant a franchise upon any condition that it saw fit to impose, and that such condition was binding on the grantee when the franchise was accepted.

The general rule is that, if a municipality annexes to the granting of a franchise a condition which it was without authority to do, and the grantee voluntarily accepts the franchise with the condition incorporated therein, such grantee cannot afterwards refuse to be bound thereby or be heard to deny the authority to impose it. City of Terrell v. Terrell Electric Light Company et al. (Tex. Civ. App.) 187 S. W. 966.

Each of the franchises contains the following provision: "Section 12. This ordinance shall be in full force and effect under the provisions of section 98 of the charter of the City of Borger as adopted June 24, A. D. 1930, from and after its passage."

Conceding that this reference made section 98 of the charter a part of the franchise, the performance of no obligation was thereby imposed on the grantee, nor did it impose any obligation on the city that it could perform legally for the reason that the commission was not authorized to order an election on the application of 10 per cent. of the number of the qualified votes cast at the next preceding general city election as provided in section 98, as such provision conflicts with the statute.

The judgment is therefore affirmed.