## BUTLER v. CUMMING.

No. 12120.

Court of Civil Appeals of Texas. Dallas.
Oct. 19, 1935.

Webb & Webb, of Sherman, for appellant.

James D. Buster, of Sherman, for appellee.

BOND, Justice.

John Cumming instituted this suit, denominating it to be a contest of an election, but, in fact, has for its purpose of having a district court of Grayson county to declare an election null and. void and ordering another election for a trustee of a common school district of the county.

The petition alleges that on or about April 6, 1935, in common school district No. 115, Grayson county, Tex., an election was had for the purpose of selecting a school trustee; that the present trustees of the district are E. W. Haynie, Hugh Campbell, and Wade Smith; that the term of E. W. Haynie was expiring, and the trustee to be elected was to take the place of Haynie. There were no candidates of-fering for the office of trustee, and the voters voting at the election expressed their choice by balloting for whomsoever they pleased. W. J. Butler, Charlie Duke, and Did Gillam received all the votes cast, no other persons receiving a ballot in the election, and W. J. Butler was declared elected, his election certified to the county school superintendent, and he qualified as trustee of the district. The suit is based on the result of the election being a tie; W. J. Butler receiving 13 votes, Charlie Duke, 13 votes, and Did Gillam, 2 votes; and on many irregularities and noncompliance with the state's election law as to the holding of such election and the manner of canvassing the result thereof.

The cause was tried before the court, without a jury, and judgment rendered declaring the result of the election to be a tie between W. J. Butler and Charlie Duke, and ordering another election for the selection of a trustee.

The appellant, W. J. Butler, by appropriate pleadings, challenged the right of the appellee to maintain the suit on the ground that the appellee was not an applicant or candidate for the office, did not receive a single ballot for the office, and the only interest manifested by him, on which to predicate his right or relief, is solely upon the fact that he is a qualified voter in the district, that he voted at the election for Mr. Duke, and that, at the request of those holding the election, supervised the counting of the ballots. The pleadings and evidence reveal these facts. Clearly, we think, appellee has no interest, financial or otherwise, peculiar to himself, in the election. The mere fact that he was called upon and did supervise the counting of the ballots, and, perhaps, has a pardonable pride in the accuracy of the count, does not place him in any better position than the general public. His interest is that of the general public only, and, as such, cannot maintain the suit. Yett, Mayor, et. al. v. Cook et al., 115 Tex. 205, 281 S. W. 837, 841; City of Goose Creek v. Hunnicutt, 118 Tex. 326, 15 S.W.(2d) 227.

In the case of Yett v. Cook, supra, the Supreme Court said: "It is a rule of universal acceptation that to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject-matter in litigation, either in his own right or

in a representative capacity. State of Texas v. Farmers' Loan & Trust Co., 81 Tex. 530, 545, 17 S. W. 60, and other cases cited below. Whatever may be the rule in other jurisdictions, there can be no doubt that in Texas an action relating to elections or other matters of law enforcement, not involving questions of taxation or unlawful expenditure of public funds, cannot be maintained by a relator or plaintiff whose interest is only that of the public generally, in the absence of a valid statute authorizing the suit. [Authorities cited.]"

Manifestly, the interest of the appellee in bringing the suit is none other than to subserve the public interest. His lack of special interest is fatal to his capacity to maintain the action; therefore, the judgment of the lower court must be reversed, and the cause dismissed; it is so ordered.

Reversed and dismissed.