## WILSON v. PIERCE et al.

### No. 10667.

Court of Civil Appeals of Texas. Galveston.

Dec. 1, 1938.

Frank J. Campbell, of Houston, for appellant.

Ethan W. Bruce, of Goose Creek, for appellees.

GRAVES, Justice.

As tried out below, this was an action by the sole appellant here—joined by several other parents of children attending that school—to enjoin the appellee school district from requiring his and their children, as incidental to attendance as pupils of such Huffman school, along with all others similarly situated, to do sweeping and other chores around their classrooms, of from three to five minutes time each per week; they acted as school patrons and private individuals only, and sought the restraint against the trustees solely in their official capacity, as constituting the governing body of the school district, organized and functioning pursuant to R.S. Article 2748.

Before so resorting to the court, appellant had unsuccessfully exhausted his remedy for the procurement of the same relief from that local school-board itself, as well as by appeals therefrom to the county superintendent, the State Superintendent of Public Instruction, and the State Board of Education; such appellate school authorities having affirmed the refusal of the appellees to grant him and his coapplicants the order they sought, after extended hearings upon the facts from both sides.

The court below—through Honorable Ben F. Wilson, of the 61st Judicial District—entered the appealed from judgment, and dismissed such suit, in this declaration: "The court having heard the pleadings, and being convinced that said suit was in reality a suit in the interest of the public at large, the said other parties asking to restrain the Huffman Common School District in matters involving the policy of the management and operation of said school, and it appearing to the court that the subject-matter being such that no individual party had more interest than any other individual party who had children in said school, the Court being of the opinion that such suits may be brought by the State only and not by individual citizens, the Court sustained defendants' plea to the jurisdiction of the Court on that ground."

So that, the only question the appeal presents is whether or not the dismissal for want of jurisdiction was correct. This court, aided by able briefs and oral arguments from both sides, concludes that it was; from the brief statement made, as well as the quoted decree of the learned trial Judge, it is apparent that purely private parties, who sustained no other relation toward the school itself, or to each other, or to the general public, than that in common they were patrons thereof with their respective children in attendance upon it as pupils, sought—through the power of a court—to control the ordained and established general policy of the trustees, in their management and operation of the school for the benefit of the people at large; indeed, the appellant himself virtually admits as much, in thus declaring in his brief what he conceives to be his rights in the premises:

"Appellant contends that the appellee was guilty of an usurpation of power and authority, which he, as an individual, was not compelled to abide by.

"Article 2896 [2892] of Vernon's Annotated Texas Civil Statutes makes it compul-

sory that all children between the ages of Eight (8) and Fourteen (14) years must attend the public school in the district of their residence, but it does not state, and certainly it is not intended under our free-school system that, as a pre-requisite to this attendance, they must do any work whatsoever; but to the contrary, appellant believes that it is the inherent right of all children to attend the public school in the district of their residence without being required to perform any duties, and especially the unpleasant duties of a janitor."

While not on all fours as to the specific facts involved, our authorities, in conclusive effect, seem to this court to call for the judgment here rendered, those deemed most applicable being as follows: Texas Constitution, art. 4, sec. 22, Vernon's Ann. St. Tex.Const. art. 4, § 22; Texas Constitution, art. 5, sec. 21, Vernon's Ann.St. Tex.Const. art. 5, § 21; Staples v. State, 112 Tex. 61, 245 S.W. 639; State v. Starnes, Tex.Civ.App., 246 S.W. 424; Yett v. Cook, 115 Tex. 205, 281 S.W. 837; Preamble to the Constitution of the United States, U.S.C.A.Const. Preamble; Allen v. Fisher, 118 Tex. 38, 9 S.W.2d 731; City of Goose Creek v. Hunnicutt, 120 Tex. 471, 39 S.W.2d 617; Maud v. Terrell, 109 Tex. 97, 200 S.W. 375.

It is not deemed essential that extended application of these provisions and holdings to the situation here presented be made; since the question this appellant raises seems clearly to be one that the public at large is concerned in, he himself having no other interest in it than the same common one of all other patrons of that particular school, as well as the common interest of all school patrons everywhere in the state, the principles applied in the cited cases apparently control it; it is not contended—indeed, there was no allegation to that effect—that the policy here complained of was not a preordained and general one, operative alike against all pupils similarly situated; in fact, the bill for injunction declared such to be the case, hence there was no discrimination between children claimed at all, either as to its establishment, administration, or effect; in short, it was in effect simply a plain effort on the part of private citizens, as school patrons, to overturn what was declared to be a general policy of the Board, operative equally upon all attendants, requiring them, in turn, to do their respec-

tive parts of the chores indicated, looking toward efficiency in the operation of the school system; wherefore, by their own pleadings, the appellant and his fellow petitioners, having shown that they had no interest different from that of others, were in no position to so act for all.

An affirmance will enter.

Affirmed.

MONTEITH, J., participating as Special Commissioner.