

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 28, 1965

Hon. Coke R. Stevenson, Jr.
Administrator
Texas Liquor Control Board
Austin, Texas

Opinion No. C-426

Re: Whether the signer of a
petition for a local
option election to
prohibit the sale of
alcoholic beverages is
legally bound to vote
for prohibition if the
election is called,
and related question.

Dear Sir:

You have requested an opinion on the following
questions:

"1. Is the signer of a local option petition
seeking to call an election to prohibit sale of
alcoholic beverages legally bound to vote for
prohibition if said election is called?

"2. Does any person whatsoever have the
right to check the ballots cast in such election
to determine how signers of the petition voted
at the election?"

We agree with your conclusion that both of these
questions should be answered in the negative.

The purpose of requiring a petition of voters as a
prerequisite for the calling of a local option election is to
show that there is a sufficient number of qualified voters
requesting the issue to be voted on as to indicate a likelihood
of its carrying at the election, thereby justifying the holding
of the election in order to determine the will of a majority of
the voters. Undoubtedly, the contemplation of the law is that
each signer should have a present good faith intention, at the
time of signing a petition, to vote for the issue to be submitted
if an election is held. In keeping with the purpose of the
petition, Article 666-32 of Vernon's Penal Code provides that
a petition for an election seeking to legalize the sale of
alcoholic beverages must contain a statement that "it is the
hope, purpose and intent of the petitioners whose signatures
appear hereon to see legalized the sale of alcoholic beverages

-2002-

referred to in the issue set out above," and a petition for an election seeking to prohibit the sale of alcoholic beverages must contain a statement that "it is the hope, purpose and intent of the petitioners whose signatures appear hereon to see prohibited the sale of alcoholic beverages referred to in the issue set out above." However, there is no provision in the statute which purports to compel a signer to vote for the issue or which purports to invalidate his ballot if he does not vote for it. To the contrary, the law as enunciated by our courts recognizes the right of a person to change his mind and to withdraw his signature after he has signed a petition for an election. Stahl v. Miller, 63 S.W.2d 578 (Tex.Civ.App. 1933, error ref.); Texas Power & Light Co. v. Brownwood Public Serv. Co., 87 S.W.2d 557 (Tex.Civ.App. 1935); Nunn v. New, 222 S.W.2d 261 (Tex.Civ.App. 1949, reversed on other grounds, 148 Tex. 443, 226 S.W.2d 116). The right to withdraw one's signature from the petition ceases at a certain stage of the proceedings leading up to the calling and holding of the election because it is necessary to have a definite deadline for fixing the status of the petition incident to determining its sufficiency; but the right of a signer to change his mind and to vote as he chooses at the election continues up to the moment that he deposits his ballot in the ballot box.

Since there is no statute attempting to invalidate a ballot for being cast contrary to the voter's indicated view when he signed the petition for the election, it is unnecessary to consider whether such a statute would violate the privilege of free suffrage guaranteed by our Constitution. Westerman v. Mims, 111 Tex. 29, 227 S.W. 178 (1921).

Your second question is whether anyone has the right to check the ballots cast in a local option election to determine how signers of the petition voted at the election. Article VI, Section 4 of the Texas Constitution provides for a secret ballot in elections, and the statutes prescribing election procedures strive to assure realization of this constitutional provision. See Arts. 8.11, 8.15, and 8.20, Texas Election Code. The only lawful manner for ascertaining how a person voted at an election is by matching his signed ballot stub with his ballot. After a ballot has been cast, the only circumstances under which a stub box may lawfully be opened and the stub matched with the ballot from which it has been detached is on order of the district judge in an election contest, where it has been determined that the ballot was illegally cast, or in the investigation of alleged criminal violations. Art. 8.15, supra. Since a ballot cast contrary to the voter's indicated view when he signed the petition for the election is not illegal, no authority would exist even in these two circumstances for permitting an examination of the

ballots and stubs with a view to ascertaining how the signers of the petition had voted.

## SUMMARY

The signers of a petition for a local option election to prohibit the sale of alcoholic beverages are not legally bound to vote for prohibition if the election is called. No one has a right to check the ballots cast in the election to determine how signers of the petition voted.

Yours very truly,

WAGGONER CARR
Attorney General

By Mary K. Wall

Mary K. Wall
Assistant

MKW:sj

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
George Black
Terry Goodman
H. Grady Chandler

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone