## Doe, ex dem. B. L. Jones v. L. P. C. Burford.

To authorize a tax collector to sell land by reason of the non-payment of taxes in any case, the tax payer must be in default in performance of his duty as required of him by law.

Where a tax payer tenders the amount of taxes due from him to the collector, which he refuses to accept, because the collection of the taxes for that year has been enjoined in a suit to which the tax payer is not a party, and the injunction is dissolved, it is necessary before the tax payer can be placed in default for non-payment, that a demand should be made of the taxes due from him.

In error from the circuit court of De Soto county; Hon. Hugh R. Miller, judge.

This was an action of ejectment instituted in the court of De Soto, for a section of land lying in De Soto county. The land was sold on the 3d of April, 1848, for the unpaid county taxes due thereon for the fiscal year 1846, and Benjamin L. Jones became the purchaser and received the tax collector's deed for the land.

Doe, ex dem. Jones *v.* Burford.

Upon the trial in the court below, which resulted in a verdict for the defendant, the plaintiff proposed to read the tax collector's deed to the jury as evidence.  To this the defendant's counsel objected.  The first and second of the reasons upon which the objection was based, were decided by Judge Miller to be insufficient; but the third was adjudged to be good, and the objection, for that reason, was sustained, and the deed excluded.  Of course, the jury found for the defendant.  The plaintiff moved for a new trial; but the motion was overruled by the court, whereupon he set out the testimony and decisions in a bill of exceptions, and prosecutes this writ of error.

The bill of exceptions shows that the land in controversy was assessed for State taxes for the fiscal year 1846, as the property of John H. Jones, who was admitted to have been the legal owner of it on the 1st of May, 1846, and under whom the plaintiff and defendant both claimed title.  It is also shown that at a meeting of the board of police of De Soto county, held on the second Monday (being the 14th day) of September, 1846, the board levied the county tax for that fiscal year.  The probate court of said county required by order the collector to collect three fourths of the taxes from real estate, and one fourth from personal estate.  George Foote proved that during the year 1846 he was the clerk of the probate and police courts of De Soto county; that, for several years previously, and during that year, the board of police of said county was in the habit of holding what were called regular meetings, for the transaction of business, on the second Monday of every month; and that the meeting of said board which was held on the second Monday (being the 14th day) of September, 1846, was one of those regular meetings, and was held without any previous notice thereof having been given, by advertisement or otherwise.

The reason for which the tax collector's deed, offered in evidence by the plaintiff, was excluded from the jury was, "because," as it was alleged, "the board of police of De Soto county had no legal authority to hold a meeting on the second Monday of September, 1846, or to levy a county tax at the said meeting."

Doe, ex. dem. Jones *v.* Burford.

*Trotter* and· *Stearns* for appellant,

Contended the decision of the court below was erroneous, and cited Hutch. Code, 710, § 5; Acts, Leg. 1846, p. 75, § 22 ; Ald. & Van Hos. Dig. 855, § 16.

*D. Mayes* for appellee,

In reply, contended the decision of the court below was correct. 1. There was no legal levy of the county tax, as there can be no discrimination between real and personal property in the assessment and collection of taxes. 2. The sale under the tax deed offered in evidence was for the whole section of land. 3. The tax for which the land was sold had been tendered to the collector of taxes.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of ejectment tried in the circuit court of De Soto county, which resulted in a verdict and judgment for ¹the defendant.

The plaintiff on the trial offered to read as evidence to sustain his title, a deed made. by the tax collector of said county, in April, 1848, for the land. in controversy, to the plaintiff's lessor. This deed was, by the court, rejected as evidence, and its rejection presents the only error assigned by the plaintiff's counsel.

To understand correctly the action of the court, we must ascertain the precise attitude of the case at the time the deed was offered as evidence. Facts which appropriately belonged to the defendant's evidence, and should have been by him introduced as such, appear to have been admitted by the parties, and introduced as evidence before the deed was offered; and it was considering the deed in connection with this evidence, that induced the court to reject it.

These facts are as follows : 1. The land was assessed in 1846 as the property of one John H. Jones. He, early in January, 1847, paid to the collector the amount of State tax assessed thereon, and at the same time tendered to him the amount of the county assessment (being three fourths of the State assessment), which the collector refused to receive, on the ground that he was enjoined from so doing.

Doe, ex dem. Jones *v.* Burford.

The bill and injunction are introduced as evidence, from which it appears, that Jones, the owner of the land, was no party to either of them.

It was next shown, that the order of the board of police of De Soto county, levying the county tax for the year 1846, was made on the 14th day of September, 1846, at a special meeting of the board, convened without previous notice, as required by the statute.

The injunction having been dissolved, and the county tax on the land remaining unpaid, the land was sold by the collector, for the purpose of satisfying the tax, in April, 1848, when it was purchased by the plaintiff's lessor.

The points now presenting themselves for consideration on the foregoing statement of facts are, 1st. That the owner of the land having once, within the time prescribed by law, tendered to the collector the amount of the county assessment, he could not legally make a sale, without first making a demand of the tax claimed.   2d. That the order itself is void, for the want of notice of the time of holding the special term of the board, and on account of the discrimination between the tax imposed on the real estate, and that upon the personal estate of the county.

In regard to the first point, it must be borne in mind, that Jones, the owner of the land, not being a party to the proceedings in the vice-chancery court, was not required to take notice of the order dissolving the injunction or dismissing the bill. Having within the time required by law tendered the amount of the county assessment to the proper officer, he performed, to the letter of the law, his duty as a citizen.   He was then certainly, up to the order of the court dissolving the injunction, in no default in paying, or offering to pay, the full amount of his tax.   To authorize the collector to sell land, by reason of the non-payment of taxes, in any case, the tax payer must be in default in performing his duty, as required of him by law.   Here the tax payer was in no default.   We have seen, that up to the moment of the dissolution of the injunction, he had been guilty of no violation of duty in this respect.   Could the order of dissolution have the effect of placing him in default in making payment?   Clearly not; he was not a party to the proceedings,

17 *

and was not required to take notice of the order, which restored the collector to the powers which he possessed before the injunction was granted.

The inquiry then naturally arises, that if the party was in no default before the injunction was dissolved, and if the dissolution did not have that effect, what has produced this breach of duty in failing to pay the taxes? This question suggests its own answer. It was indispensably necessary for the collector to make a demand of the tax, before he could sell the land. This was the only way by which the party could be placed in such default, as would give the collector authority to sell the land. This demand not having been made, the sale, in our opinion, is void.

The other questions may be determined merely by a reference to the statute. After fixing the times for holding the regular terms of boards of police, the statute then provides, as follows, for special terms: "That the president of the board may call a special meeting thereof, whenever it may be necessary, upon his giving ten days' notice of said meeting, by advertisement, posted at the door of the court house of his county." Hutch. Code, 710, § 5. It is clear from this language, that a meeting can only be convened upon notice being given as required by the statute. The president of the board has the power, upon a certain condition, to order a special meeting of the board; and this condition must be complied with to make the meeting legal, or, in other words, to make it a board of police.