THE ARKANSAS BUILDING & LOAN ASSOCIATION V. J. W. MADDEN,
SECRETARY OF STATE.

No. 613.—Decided February 14, 1898.

**1. Mandamus—Other Remedy.**

The writ of mandamus should not issue where the relator has another adequate legal remedy for the enforcement of his right. (P. 462.)

**2. Same—Case Stated.**

A corporation of another State applied for mandamus to compel the Secretary of State to receive the annual tax of $10, as required by the Act of 1893, claiming that the Act of 1897, imposing a higher tax, was unconstitutional because discriminating between foreign and domestic corporations. Held, that since that officer had refused to receive the sum offered on the ground of insufficiency in amount, the actual receipt of the money by him was unnecessary for the protection of relator's alleged right to do business, and the mandamus should be denied. (Pp. 461, 462.)

ORIGINAL APPLICATION to the Supreme Court for writ of mandamus to the Secretary of State.

*Pruit & Smith,* for relator.

*M. M. Crane,* Attorney-General, and *T. A. Fuller,* Assistant, for respondent.

GAINES, CHIEF JUSTICE.—This is a petition filed by the relator, a building and loan association, incorporated under the laws of Arkansas and doing business in that State, to compel the Secretary of State to, receive the sum of $10 in payment of its franchise tax for the year 1897,. and to give his receipt therefor.

The Act of April 3, 1889, required every foreign corporation desiring to do business in this State to file its charter in the office of the Secretary of State and to pay a fee therefor. Laws 1889, p. 87. By a statute passed in 1893 it was also provided that "each and every private domestic corporation heretofore chartered or that may be hereafter chartered under the laws of this State, and each and every foreign corporation that has received or may hereafter receive a permit to do business under the laws of this State, in this State, shall pay to the Secretary of State, annually, on or before the first day of May, a franchise tax of ten dollars. Any such corporations which shall fail to pay the tax provided for in this section shall, because of such failure, forfeit their charter." Laws 1893, p. 158.

In July, 1896, the relator filed its charter with the Secretary of State, paid the tax required by the Act of 1889, as well as the annual tax of $10 prescribed in the Act of 1893.

In 1897 the latter Act was materially amended by the Legislature—so as to increase the annual tax thereby required—to graduate it according to the capital stock of the corporation, to provide that the failure to pay the tax should work ipso facto a forfeiture of the right to do business

in the State, and to provide that the Secretary of State should declare such forfeiture. The tax imposed by this act was less upon domestic than upon foreign corporations. Laws 1897, p. 141. After this statute went into effect, the relator offered to pay the Secretary of State the $10 as required by the previous law and demanded a receipt for such payment. The respondent declined to accept the money—holding that a much larger sum was required of the corporation under the Act of 1897.

The relator in its petition alleges these facts, claims that the Act of 1897, in so far as it increases the annual tax and discriminates between domestic corporations and foreign corporations, is contrary to the Constitution of this State and that of the United States, and is therefore void. The prayer is for a writ of mandamus to compel the respondent to accept the $10 and to issue his official receipt therefor.

The case has been submitted to us upon a demurrer to the petition.

If we had the power in this proceeding to determine a question merely because the relator may have an interest in its decision, it might be our duty to decide the questions which were discussed upon the argument. But the writ of mandamus should not issue where the relator has another adequate legal remedy for the enforcement of his right. The writ must be the last resort. It should be necessary in order to secure in full the right which is sought to be protected or enforced. If the relator, in legal contemplation, is left in no worse position without the writ than he would be should a mandamus issue, the writ should be denied.

Conceding then, for the purposes of this case, that as the relator contends, it is only liable to pay the annual tax of $10, as required by the Act of 1893, the question arises—is there any necessity for issuing the writ? The danger which confronts the corporation from a failure to pay its lawful taxes is a forfeiture of its right to do business in the State. That upon the respondent's refusal to accept the draft for the tax, a tender of the amount legally due would have prevented a forfeiture, there can be no doubt. Loomis v. Pingree, 43 Me., 299; Tacey v. Irwin, 18 Wall., 549; Kinsworthy v. Austin, 23 Ark., 375; Doe v. Burford, 26 Miss., 194. It would seem from the authorities cited that since the officer put his refusal upon the ground of the insufficiency of the amount, no formal tender was necessary. It follows, that the actual receipt of the money by the respondent is not necessary for the protection of the alleged right of the relator to continue to do business upon payment of an annual tax of $10, and the writ is therefore refused.