WELLS et al. v. COMMISSIONERS' COURT OF PRESIDIO COUNTY et al.
(No. 771.)

(Court of Civil Appeals of Texas. El Paso. May 17, 1917. Rehearing Denied May 31, 1917.)

1. MANDAMUS ☞3(10)—RIGHT TO WRIT—EXISTENCE OF OTHER REMEDY.
   Where another remedy exists, there is no error in refusing mandamus.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 21–23.]

2. MANDAMUS ☞74(5) — ISSUANCE OF ELECTION CERTIFICATE—REMEDIES.
   Where contestants alleged that the election officers wrongfully refused to count the ballots in a certain precinct, declared the offices in such precinct vacant, and appointed the defeated candidates thereto, their remedy was not by mandamus to compel issuance of the certificate of election, which was only prima facie evidence of a right to office, and would have required another suit; the remedy being by quo warranto.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 155.]

Appeal from District Court, Presidio County; Joseph Jones, Judge.

Mandamus by W. A. Wells, F. A. Mitchell, and Bill Bishop against the Commissioners' Court of Presidio County and others. From an order refusing the writ, the relators appeal. Affirmed.

Belcher & Sutton and C. E. Mead, all of Marfa, for appellants. W. C. Jourdan, of Marfa, and Jos. M. Nealon, of El Paso, for appellees.

WALTHALL, J. This appeal is taken from an order of the district court of Presidio county, Tex., refusing to grant a writ of mandamus on the application for said writ by relators, W. A. Wells, F. A. Mitchell, and Bill Bishop, complaining of the commissioners' court of Presidio county, and Lee Cartwright, W. G. Young, and J. A. Shannon, alleging in substance that at the general election held on the 7th day of November, 1916, appellant W. A. Wells was a candidate for the office of justice of the peace for precinct No. 1 of Presidio county, that Bill Bishop was a candidate for constable of said precinct, and that appellant F. A. Mitchell was a candidate for county commissioner for precinct 1 of said county; that the only candidate opposing W. A. Wells in said election was appellee Lee Cartwright; that the only candidate opposing Bill Bishop was appellee W. G. Young; that the only candidate opposing F. A. Mitchell was appellee J. A. Shannon; that all of the said candidates had their names regularly printed on the official ballots in said election for the respective offices; that the election was regularly held, and that the only voting box

in justice precinct No. 1 and in commissioners' precinct No. 1 was the Marfa box. It was alleged that the election officers of the Marfa voting box, after the polls were closed, counted the votes and cast up the result, which showed that appellants had each received a majority of the votes cast at said box for their respective offices; that the election officers made a return of said election, by making and signing a certificate as provided by law, showing the total number of votes cast at said box, and the vote cast therein for each candidate, and that by the face of the returns and said certificate appellants were each shown to be the successful candidate for the respective offices they sought; that when the commissioners' court of said county met on the following Monday, the 13th day of November, 1916, to canvass the returns of said general election, said court failed and refused to open and canvass the returns and declare the result of said election for said offices, and entered an order in the minutes refusing the same; that the said court canvassed the returns for the remainder of the voting boxes of the county and declared the result; that the court at said term declared the said offices, justice of the peace, constable, and commissioner, vacant, and proceeded to appoint the defeated opponents of appellants to the respective offices for which they had been unsuccessful candidates, and said appointees have qualified and are claiming said offices by reason of said appointments; that appellants have demanded that the said commissioners' court canvass the returns of said Marfa box, but that a majority of said court is opposed to so doing, and thereby appellants have been ·denied . certificates of election, and prevented from qualifying for the respective offices to which they are entitled by reason of said election. The details as to number of votes cast, the number received by each candidate, the manner of making out and transmitting the returns, poll lists, tally sheets, and the ballot boxes, etc., were fully set out in the petition.

Appellees, respondents, answered by general and special demurrers, general denial, and, specially answering, allege specific acts constituting irregularities in the manner of holding said election at the Marfa box, and further deny in substance that the returns of said Marfa box were made out and returned in accordance with law in these particulars: That the envelope purporting to contain the election returns for the Marfa box was not delivered to the county judge of said county, but that an envelope purporting to contain said returns was delivered to the county judge with other returns by the county clerk in the presence of the commissioners' court then convened in regular session; that the envelope purporting to contain the returns was not sealed, and did not have the appearance of ever having been sealed; and

195 S.W.—39

that, after consideration, said envelope was sealed by the county judge in the presence of the commissioners' court. Appellees denied that appellants had received more votes than their opponents; alleged that they have been duly appointed by the commissioners' court to the several offices for which they were candidates, and commissioned by the Governor.

Appellants, by supplemental petition, alleged that the envelope containing the election returns from the Marfa box was sealed up by the election officers before the same was delivered to the county clerk. It was admitted that the returns intended for the commissioners' court were not delivered by the election officers to the county judge, but were delivered to the county clerk, as the judge was not in his office, and was not in the town of·Marfa, and that in such event the law authorized and directed that the returns should be delivered to the county clerk. They alleged that it was the duty of the commissioners' court to canvass the returns, and that they had no discretion in the matter.

The cases were filed separately, but, all parties agreeing, the trial court ordered that same be consolidated and tried as one case. The trial court prepared and filed findings of fact and conclusions of law as follows:

"1. I find that the election returns for precinct No. 1 in Presidio county, Texas, of the election held on the 7th day of November, 1916, were made in total disregard of the provisions of title 49 of the Revised Statutes of 1911 and in violation of said laws.

"2. I find that the county commissioners' court of Presidio county, Texas, did on the 13th day of November, 1916, open the election returns and estimate the result, and recorded the state of the polls in each precinct, except the one from the precinct in question, and in reference to which they made and entered the following order, to wit: 'Commissioners' Court Minutes, November, Regular Term, A. D. 1916. Monday, the 13th day of November, 1916. The matter of opening and estimating the returns of the election held on November 7, 1916, in Presidio county for presidential electors, United States senator, congressmen, state, county and precinct officers, coming before the commissioners' court on this, November 13, A. D. 1916,· and the court having considered the affidavits presented showing the illegality of the election and returns from the box at Marfa, precinct No. 1, and the returns not having been made as required by law, and the opening and consideration of such returns from said precinct being prohibited by article 3031 of Vernon's Sayles' Civil Statutes of 1914, it is the order of the court that said election returns from said election precinct No. 1 be not opened and estimated, and that the election returns from other election precincts of Presidio county be opened and estimated as required by law; this order being passed on motion duly made and seconded, County Commissioners H. B. Young, J. F. Parker, and James A. Shannon voting in the affirmative, and Commissioner R. E. L. Tyler voting in the negative, and County Judge W. M. Ellison merely presiding. It is the further order of the court that affidavits read by the presiding judge of .the court in reference to the Marfa precinct No. 1, respecting the conduct of the election officers and making of said returns, be entered on the minutes of the court; such affidavits being

made by W. T. Davis, F. W. Jordan, T. B. Ballew, Harry Richardson, S. R. Miller, Miss Lorina Shannon, and Andrew H. Young.'

"3. I judicially know that Mr. Belcher, of the firm of Belcher & Sutton, whose names are signed to relators' petitions, is the district attorney of the Sixty-Third judicial district of Texas, which includes Presidio county.

"4. I find that the respondents Lee Cartwright, J. A. Shannon, and G. W. Young have each qualified for the respective offices to which they were appointed and have been commissioned by the Governor."

#### Conclusions of Law.

"1. I conclude that the county commissioners' court acted strictly within the powers reposed in them by article 3031, Revised Statutes of Texas, and that their action in ascertaining the necessary facts to the conclusion asserted in their order or judgment was and is judicial in its nature and not subject to interference by writ of mandamus. Bailey on Habeas Corpus, vol. 2, § 199; McCrary on Elections (4th Ed.) § 266.

"2. The purpose of the writ of mandamus is to compel action, and it will not lie to undo what has been done; and especially is this true where the law requires a judicial determination to be made of the thing done, such as the decision, whether the act should be done or not, as is plainly required of the commissioners' court by article 3031, and as the order of said court in this case plainly shows they did.

"3. There is no provision of the law that in any way limits or prescribes a method by which the commissioners' court should ascertain that a particular return had been made according to the law as required by article 3031, and said article inhibits the opening or estimating of the returns, unless made in accordance with the provisions of title 49, which comprehends the whole election law, and I therefore conclude that said court had a right to act on their own personal knowledge, or information brought to them in any manner they were willing to accept and act upon as showing a compliance or noncompliance with the law. In this case, the commissioners having acted upon evidence which they deemed sufficient, their action cannot be controlled by the writ of mandamus, because, when it is addressed to a subordinate tribunal, it can only compel them to exercise their functions, which they have done, but they cannot be required to decide in a particular manner, as relators are seeking to have them do in this case. People ex rel. v. Council, 78 N. Y. 33, 34 Am. Rep. 500.

"4. The relators have at least three adequate remedies under the Constitution and laws of this state for the redress of any wrong they may have sustained in the matters complained of in the petition, and they would necessarily have to resort to one of those remedies, even if the writ should be granted, in order to attain their purpose, and for this reason, also, they are not entitled to the writ as prayed for.

"Relators excepted to the foregoing conclusions at the time they were announced and gave notice of appeal."

On the above findings and conclusions, the trial court entered an order refusing the writ.

[1, 2] We think we need only to pass on the question: Is such action on the part of the commissioners necessary in order to secure in full the right which is sought to be enforced? The writ of mandamus must be the last resort. The rule is stated to be by our Supreme Court in Arkanas Building & Loan Ass'n v. Madden, 91 Tex. 461, 44 S.

W. 823, and in Hogue v. Baker, 92 Tex. 58, 45 S. W. 1004, that if relators, in legal contemplation, are left in no worse position without the writ than they would be, should a mandamus issue, the writ should be denied. It was held in Dean v. State, 88 Tex. 290, 30 S. W. 1047, 31 S. W. 185, in a quo warranto proceeding to try title to an elective office, that while it is the plain and imperative duty of the commissioners' court to canvass the vote and declare the result, and, should they refuse, they may be compelled to perform that duty, yet the court held in that case that the relator had the right to bring the action immediately upon the court's refusal to canvass the vote and declare the result. Should the commissioners' court now open up the returns and declare the result of the election at the Marfa box, and should it be found that the returns gave relators more votes than respondents, and thereby entitle them to a certificate of election, that declaration and certificate would not have the effect to oust respondents of the offices they now occupy. The certificate of election is but prima facie evidence of the right to the office named therein, and a suit of some character would still be necessary. We think we need not pass upon the question as to the change, if any, in the burden of proof in the suit, as showing the want of an adequate remedy, since our Supreme Court in Dean v. State, held that an information in the nature of a writ of quo warranto is an appropriate remedy in such cases, and in a case in which the commissioners' court had refused to canvass the returns and declare the result. Holding as we do, and for that reason only, that relators have a sufficient, appropriate, and adequate remedy to enforce whatever right they might have to the offices sought, we believe the trial court was not in error in refusing to grant the writ of mandamus.

The case is affirmed.