SOUTHLAND LIFE INSURANCE COMPANY V. ELIZABETH STATLER ET AL.

Motion No. 15,762. Cause No. 7934.

SOUTHLAND LIFE INSURANCE COMPANY V. HONORABLE S. B. CARR, DISTRICT JUDGE, ET AL.

No. 8064. Decided April 28, 1943.
(170 S. W., 2d Series, 714.)

House & Irvin and House, Mercer & Irvin, all of San Antonio, John Willson, of Cotulla, and Malone, Lipscomb, White & Seay and Curtis White, all of Dallas, for Southland Life Ins. Co.

*L. B. Cooper,* of Cotulla, and *Elmer Ware Stahl* and *A. R. Sohn,* both of San Antonio, for Elizabeth Statler and S. B. Carr.

MR. JUSTICE CRITZ delivered the opinion of the Court.

Motion No. 15762 to retax costs was filed in this Court in cause No. 7934. Cause No. 8064, original mandamus, involves the same question of law, and the same subject matter as motion No. 15762. We therefore dispose of both the motion and the cause in this opinion.

Mrs. Elizabeth Statler et al filed, in the District Court of LaSalle County, Texas, cause No. 2604, Elizabeth Statler et al v. Southland Life Insurance Company. On the trial of such cause in the district court judgment was rendered for the plaintiffs. The insurance company appealed, and the judgment of the district court was affirmed by the El Paso Court of Civil Appeals. The life insurance company prosecuted writ of error to this Court, and on final hearing this Court reversed the judgments of the two lower courts, and rendered judgment for the insurance company. 139 Texas 496, 163 S. W. (2d) 623. The judgments of the two lower courts adjudged all costs against the insurance company. The judgment of this Court adjudged all costs against Elizabeth Statler et al.

After the judgment of this Court became final Elizabeth Statler et al filed a motion in this Court to retax the cost for the statement of facts, claiming in such motion that much matter was included in the statement of facts that should not have been included therein, and claiming further than more than the amount allowed by law was taxed as costs for such statement of facts. On original presentation of the motion to retax filed in this Court, the same was overruled.

After this Court overruled the motion above mentioned Elizabeth Statler et al filed a motion in the District Court of LaSalle County in the cause in that court, wherein it sought to have the district court retax the cost for the above statement of facts on substantially the same grounds as were contained in the motion filed in this Court. The district court granted such motion and retaxed the cost for the statement of facts. The district court reduced such item of cost from $272.50 to $99.00.

After the district court entered its order the insurance company, with permission of this Court, filed mandamus proceedings in this Court against the district judge who entered the

above order to compel him to vacate the same, contending that such judge acted without jurisdiction in the premises. All necessary parties were made parties to such proceeding.

When we permitted the petition for mandamus just mentioned to be filed in this Court, we vacated our order overruling the motion to retax costs filed in this Court. We did this in order to place the entire matter before us.

■ Motion to retax costs must be filed in the court where the item, or items, of cost involved in the motion accrued. Reaugh v. McCollum Exploration Co., 140 Texas 322, 167 S. W. (2d) 727.

■ The amount chargeable for stenographer's report of testimony for use in perfecting appeal to the Court of Civil Appeals is cost accruing in that court. Reaugh v. McCollum Exploration Co., supra.

From the above it is evident that any motion to retax cost for this statement of facts must be presented in and to the El Paso Court of Civil Appeals.

It is ordered that the motion to retax costs filed in this Court, being Motion No. 15762, supra, be, and the same is, overruled.

■ It is adjudged that the retaxing order entered by the District Court of LaSalle County is void. Such order being void, it is not necessary to issue any mandamus to compel its vacation.

The above order and judgment are entered without prejudice to the right of Elizabeth Statler et al to present, by proper motion, the matter here involved to the El Paso Court of Civil Appeals.

Opinion delivered April 28, 1943.