### CITY OF GALVESTON et al. v. TRIMBLE et al.
### No. 12271.

Court of Civil Appeals of Texas. Galveston.

April 26, 1951.

Rehearing Denied June 21, 1951.

Edward W. Watson, City Atty., Galveston, for City of Galveston, Mayor-President, Board of Com'rs and City Secretary.

Armstrong, Barker, Bedford & Lambdin and Griffith D. Lambdin, all of Galveston, for Housing Authority of City of Galveston.

T. E. Mosheim, C. O. Ryan, Houston, and Jack Beckhusen, Galveston, for appellees.

GRAVES, Justice.

This was a mandamus proceeding by appellees, who are forty-three residents of the City of Galveston, against the appellants, the City of Galveston, the Mayor-President, Board of Commissioners, and City Secretary, of the City of Galveston, and The Housing Authority of the City of Galveston, wherein appellees sought a writ-of-mandamus, (1) to compel the Board of Commissioners of the City either to pass an ordinance revoking a Public-Housing-Cooperation Agreement theretofore executed by and between the City and The Housing Authority, and repealing the prior resolution of the City's Board of Commissioners approving the execution of such Cooperation-Agreement, or (2) to submit the proposed ordinance to a public election.

The appellees alleged that they and the requisite number of co-signatories, whom they claimed to represent as a class, signed a petition for "an initiative election", pursuant to Sections 96(a) and 96(b) of the Charter of the City of Galveston, and duly filed such petition with the proper city officials, seeking passage of an ordinance revoking the Cooperation-Agreement and repealing the resolution supporting it, or the holding of an election wherein the people of the City should vote for or against such proposed ordinance; but, appellees alleged, the Board of Commissioners wrongfully refused either to pass such proposed ordinance, or to submit it to a public election.

In a trial without a jury, upon evidence submitted, the Trial Court found that a requisite number of qualified voters had signed the petition for election, and had presented same to the proper city officials; the Court, thereupon, granted the writ-of-mandamus, and commanded the Mayor-President and the Board of Commissioners of the City (a) to pass the ordinance proposed by the petition revoking the Cooperation-Agreement and repealing the prior resolution authorizing its execution, or (b) to submit such ordinance to vote of the people at an election to be held in accordance with the terms of Section 96(b) (3), of the Charter of the City.

At the joint requests of appellants, the Court filed in support of its judgment original and amended "Findings of Fact and Conclusions of Law," no specific attack upon any of the fact-findings having been brought up here.

In this Court appellants state at length thirteen Points-of-Error, but it is not deemed essential that they be detailed here because they further, in their brief, thus epitomize what they consider to be the controlling question-of-law on the appeal: "Appellants contend that the Board of Commissioners has no duty to pass an unconstitutional ordinance, or to submit it to election, and that a court ought not by the compulsions of mandamus to beget an ordinance which later the same, or another, court may have to disown as unconstitutional. The law on the subject seems to be clear."

On the other hand, the appellees in defense of the appealed-from judgment, after formally presenting Counter Points to the effect, (1) that the Court was neither required nor authorized to determine whether the proposed ordinance, if passed, would be constitutional, (2) that the subject-matter of the proposed ordinance was legislative and not administrative, and (3) that their petition below was properly drawn and presented as an initiative petition, further, in substance, thus state their conception of the main point at issue:

Whether the City of Galveston, and later the Trial Court, had the duty of undertaking to determine whether appellees' proposed ordinance would be unconstitutional, if passed, it being their position that, in passing upon the application for mandamus, neither the Mayor and Commissioners of the City of Galveston, nor the District Court, had any such duty; that, in fact, at that stage of the proceedings, no such determination as to constitutionality could possibly have been made.

This Court concludes that the trial court exceeded its power, and that the appealed-from judgment should be reversed and the cause for mandamus rendered in favor of the appellants, as applicable to the facts presented by this record.

This conclusion rests upon considerations which may, in part, be thus stated:

■ (1) It was the duty of the court— before granting the drastic remedy of mandamus—to preserve and enforce the reservations of power inhering in the procedures of initiative and referendum, as our constitution back of them provides. State ex rel. Smith v. City of Fremont, 116 Ohio St. 469, 157 N.E. 318.

■ As its form makes plain, the resolution here involved was in effect a referendum, the objective of which was the repeal of the resolution adopted by the City of Galveston on December 1, 1949, and a revocation of the City's contract made in pursuance thereto, rather than the initiation of any new legislation. .

Its effect, therefore, would be to impair the obligations of the City's existing contract, which appears to be a valid and subsisting one; hence, it would be invalid, under well-settled authorities: Vernon's Texas Rev. Civ. Statutes, Arts. 1269k and 1269k–1; McCarty v. Jarvis, Tex.Civ.App., 96 S.W. 2d 564 (W. E. Dism.); State ex rel. Cranfill v. Smith, 330 Mo. 252, 48 S.W.2d 891, 81 A.L.R. 1066 (S.Ct., Mo., In Banc); Chicago, R. I. & G. Ry. Co. v. State, Tex. Civ.App., 241 S.W. 255, syl. 3, affirmed Tex.Com.App. 263 S.W. 249; Corsicana Cotton Mills, Inc. v. Sheppard, 123 Tex. 352, 71 S.W.2d 247; Baum v. City of St. Louis, 343 Mo. 738, 123 S.W.2d 48; Dun-

can Townsite Co. v. Lane, 245 U.S. 308, 38 S.Ct. 99, 62 L.Ed. 309; City of Galveston v. Mann, 135 Tex. 319, 143 S.W. 2d 1028, 1031; United States Constitution, Art. I, Sec. 10; Texas Constitution, Art. 1, Sec. 16, and Art. 11, Sec. 5, Vernon's Ann. St.; Texas R.C.S. Art. 1165; Travelers Ins. Co. v. Marshall, 124 Tex. 45, 76 S.W. 2d 1007, 96 A.L.R. 802; Spires v. Mann, Tex.Civ.App., 173 S.W.2d 200, 204 (W. E. Ref.); Morris & Cummings v. State, 62 Tex. 728; Westerly Waterworks v. Town of Westerly, C.C. 75 F. 181; City of Minneapolis v. Minneapolis Street Ry. Co., 215 U.S. 417, 30 S.Ct. 118, 54 L.Ed. 259; Jumbo Cattle Co. v. Bacon, 79 Tex. 5, 14 S.W. 840.

(2) It was error to interpret the resolution here involved as, in effect, authorizing the people to set aside such co-operation contract the City made seven months prior thereto, which plainly would render it invalid.

■ (3) Since the State Legislature had already granted the City of Galveston the exclusive right to decide whether such a co-operative agreement as that here involved should be made, the writ-of-mandamus, so granted, could not thus extend the powers which the housing-laws of the State, and the City's Charter, denied them. Southwestern Tel. & Tel. Co. v. City of Dallas, 104 Tex. 114, 134 S.W. 321; Sec. 7 of the "Housing Co-operation Law", Vernon's T.R.C.S. Art. 1269l; Denman v. Quin, Tex.Civ.App., 116 S.W.2d 783 (W. E. Ref.).

■ (4) The appellees, in their pleadings in the trial court, definitely and unequivocally declared that the co-operative agreement, so furnishing the foundation for this suit, was void, the substance of their averment being this: "The Cooperation Agreement is not a valid, subsisting contract, but is, on the contrary, *illegal and void*, as being in contravention of the Charter of the City of Galveston * * *." (Emphasis added.)

In such circumstances, it did not lie in the mouths of the appellees to invoke, through the strict remedy of mandamus, the granting to themselves of the right to have a vote on something they solemnly

declared to be a nullity. City of Beaumont v. Moore, 146 Tex. 46, 202 S.W.2d 448, at page 452, pars. (6–9).

It is held that the well-defined reaches, under our law, of the writ-of-mandamus could not be so employed. Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138; City of Galveston v. Mann, 135 Tex. 319, 143 S.W.2d 1028; Arkansas Bldg. & Loan Ass'n v. Madden, 91 Tex. 461, 44 S.W. 823; Hume v. Schintz, 90 Tex. 72, 36 S.W. 429; Southland Life Ins. Co. v. Statler, 141 Tex. 110, 170 S.W.2d 714; Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810.

These conclusions require a reversal of the judgment, and a rendition of the cause for a mandamus.

Reversed and rendered.